UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARIO DISCHIAVI,                                  :
                                                  :
                    Plaintiff,                    :
                                                  :
           -against-                              :     **SUMMARY ORDER OF REMAND**
                                                  :     17-CV-4955 (DLI) (RLM)
ST. JUDE MEDICAL, ST. JUDE MEDICAL, INC.,:
PACESETTER, INC. (d/b/a ST. JUDE MEDICAL :
IMPLANTABLE ELECTRONIC SYSTEMS            :
DIVISION f/k/a ST. JUDE MEDICAL CARDIAC    :
RHYTHM MANAGEMENT DIVISION), ST.          :
JUDE MEDICAL CARDIOLOGY DIVISION,         :
INC., ST. JUDE MEDICAL S.C., INC.,                :
ABBOTT LABORATORIES, ABBOTT               :
LABORATORIES, INC.,                               :
                                                  :
                    Defendants.                   :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

On August 22, 2017, defendants St. Jude Medical; St. Jude Medical, Inc.; Pacesetter, Inc.; St. Jude Medical Cardiology Division, Inc.; St. Jude Medical S.C., Inc.; Abbott Laboratories; and Abbott Laboratories, Inc. ("Defendants") filed a notice of removal seeking to remove this action from the Supreme Court for the State of New York, Kings County, to this Court. *See* Notice of Removal ("Notice"), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded to the state court *sua sponte*.

## BACKGROUND

On July 19, 2017, plaintiff Mario DiShiavi ("Plaintiff") commenced this action in state court alleging claims related to injuries from the implantation of an allegedly defective pacemaker that was manufactured, distributed, and subsequently recalled by Defendants. *See generally* Verified Complaint ("Compl."), Dkt. Entry No. 1-1. On August 22, 2017, Defendants removed the action to this Court, asserting that there was federal subject matter jurisdiction pursuant to the

diversity statute, 28 U.S.C. § 1332(a)(1). Specifically, Defendants argue that there is complete diversity of citizenship between the parties and that allegations in the Complaint and "evidence outside of the [C]omplaint" establish that the amount in controversy requirement is met. Notice at ¶¶ 19-31. In addition, Defendants assert, pursuant to 28 U.S.C. § 1446(c)(2), that the amount in controversy exceeds $75,000. *See Id.* ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice . . . does not permit demand for a specific sum."). The Complaint does not contain any allegations of fact establishing the amount in controversy. Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds

2

the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the jurisdictional amount element of diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). In this case, Defendants fail to meet their burden to show that the jurisdictional amount has been satisfied, as they rely on general allegations in the Complaint of "serious injury" and a demand made by a different plaintiff in a separate litigation.

Neither the Complaint nor the Notice provides any information concerning the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses he purportedly suffered. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegations that Plaintiff has suffered "serious injuries" and further malfunctioning of the implanted pacemaker could "caus[e] additional serious injuries including but not limited to death." Compl. at ¶ 12. Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages").

Each of the cases cited by Defendants involved significantly more evidence from which the Court could determine that the amount in controversy requirement was met. Defendants in *In re General Motors* and *James v. Gardner* submitted additional documentation in the form of a letter from the plaintiff's physician and medical records that demonstrated that the amount in controversy requirement was met. *See In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 2130904, at *2 (S.D.N.Y. May 6, 2015) ("[A]dditional documents submitted by [defendant]—including a letter submitted . . . by [plaintiff's] doctor regarding the extent of her injuries . . . —all but confirm that [plaintiff's] claimed compensatory damages more likely than not exceed $75,000."); *James v. Gardner*, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) ("[Defendant] refers to plaintiff's medical reports, which show that plaintiff sustained a disc herniation, bulging disc, central disc herniation, tear of the mid to distal Achilles tendon, partial tear anterior horn medial meniscus, partial tear posterior horn lateral meniscus, and synovitis of knee and condromalacia lateral tibial condyle. […] These injuries indicate a likelihood that the $75,000 threshold will be met."). Defendants have submitted no such supporting documentation here. The Court cannot conclude based on the conclusory assertion that Plaintiff suffered "serious injuries" that the amount in controversy requirement is met.

Importantly, it appears that the Defendants are aware that they were not without recourse to determine the amount of damages Plaintiff seeks. Pursuant to CPLR § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* Defendants include with their Notice a § 3017(c) demand made by the same defense counsel in another action that certain Defendants named in this case are defending in this jurisdiction. *See* Response to

4

Demand Pursuant to CPLR 3017(c), Dkt. No. 1-3. It is not apparent to the Court, however, why Defendants, fully aware of this state court procedural device, did not make a similar demand here.

Rather than prematurely removing the action to this Court, Defendants should have availed themselves of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 513981/2017.

SO ORDERED

Dated: Brooklyn, New York  
      August 24, 2017

/s/  
Dora L. Irizarry  
Chief Judge